UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| GREGORY RYAN WEBB, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 2:23-cv-00025 |
| IVY GARDNER MAYBERRY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, an inmate at the Cumberland County Sheriff's Department, has filed seven pro se civil rights cases under 42 U.S.C. § 1983 in this Court since March 2023. These cases overlap in substance, but to keep things clear, the Court will address each case by separate Order.[1] In this case, Plaintiff has filed an Amended Complaint (originally docketed as a "Supplement")[2] (Doc. No. 6), an application to proceed as a pauper (Doc. No. 3), and four miscellaneous motions. (Doc. Nos. 4–5, 8–9). The Amended Complaint is before the Court for initial review. And as explained below, this case will be dismissed for failure to state a claim.

I. **Application to Proceed as a Pauper**

An inmate may bring a civil suit in federal court without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears that Plaintiff cannot pay the full filing fee, his application to proceed as a pauper (Doc. No. 3) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

---

[1] Plaintiff also filed a habeas corpus petition. See Case No. 2:23-cv-00020. That case is subject to a different legal framework than the Section 1983 cases. The habeas case will be addressed by separate Order as well.

[2] The Clerk is **DIRECTED** to change the title of Doc. No. 6 to "Amended Complaint." Plaintiff submitted a subsequent complaint that restates many of the same allegations as in Doc. No. 6 against one Defendant. (Doc. No. 7.) However, the Court construes these filings in a manner favorable to Plaintiff by considering Doc. No. 6 as the operative complaint because it names more Defendants while asserting the same claims.

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Cumberland County Sheriff's Department to ensure that the custodian of Plaintiff's inmate trust account complies with these instructions. If Plaintiff is transferred, the custodian of his trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. Initial Review

The Court must dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). The Court must also hold this pro se pleading "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

### A. Summary of the Amended Complaint

The Amended Complaint references state court proceedings involving Plaintiff and Lewana Castillo Webb, his ex-wife, including a criminal case, an order-of-protection case, and a

divorce case.[3] The Amended Complaint names five Defendants: Ivy Gardner Mayberry, Plaintiff's attorney for part of these proceedings; Kevin Bryant, Lewana's attorney; unidentified legal malpractice insurance companies for Mayberry and Bryant; and Ben Tollett, "Clerk [and] Master."

The Court takes judicial notice that Plaintiff faced two counts of domestic assault in Cumberland County Circuit Court.[4] One charge resulted in a nolle prosequi dismissal,[5] and the other led to Plaintiff being convicted and sentenced. Plaintiff's state criminal attorney (Mayberry's successor) filed a notice of appeal on March 30, 2023, and that appeal is pending in the Tennessee Court of Criminal Appeals.[6] Meanwhile, in the order-of-protection case, the most recent development is that Plaintiff filed a pro se appeal to the Tennessee Court of Appeals on March 14, 2023. That appeal is also pending.[7] And in the divorce case, the most recent development is that the Tennessee Supreme Court recently denied Plaintiff's pro se request for discretionary review.[8]

Plaintiff alleges that these proceedings centered around Lewana faking a wound to frame him as a domestic abuser. (Doc. No. 6 at 2). Plaintiff allegedly hired Ivy Gardner Mayberry to

---

[3] The Court will refer to Lewana Webb by her first name to avoid confusion.

[4] The charges were brought in case numbers CC1-2022-CR-130 and CC1-2022-CR-131, respectively. See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=06B0609D-033A-4A80-B73D-ECABE7C4E9FC; https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[5] See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[6] The case number for this appeal is E2023-00464-CCA-R3-CD. See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited May 22, 2023).

[7] The Circuit Court case number is CC1-2022-CV-6875, and the Court of Appeals case number is E2023-00378-COA-R3-CV. See https://pch.tncourts.gov/CaseDetails.aspx?id=86542&Number=True (last visited May 22, 2023).

[8] The Probate and Family Court case number is 2021-PF-8346, the Court of Appeals case number is E2022-01470-COA-R3-CV, and the Supreme Court case number is E2022-01470-SC-R11-CV. See https://pch.tncourts.gov/CaseDetails.aspx?id=85656&Number=True (last visited May 22, 2023).

represent him, but Mayberry allegedly provided ineffective assistance before withdrawing as counsel without providing a refund. (Id. at 2–7). Specifically, Plaintiff alleges that Mayberry: ignored or suppressed evidence that Lewana framed him; did not defend Plaintiff when Lewana made a false police report; allowed Lewana to file for divorce first; did not contact a list of favorable witnesses; and did not request to change venue or get the case in circuit court. (Id. at 3–6). In January 2022, Mayberry filed a motion to withdraw in the criminal case, and it was granted in March 2022. (Id. at 12–13). Plaintiff also alleges that Kevin Bryant, Lewana's attorney in the divorce case, "teamed up" with the judge to allow Lewana to commit perjury, bar Plaintiff from presenting evidence, and cut Plaintiff's testimony short. (Id. at 8). And Plaintiff alleges that the office of Ben Tollett "failed to properly present and file [Plaintiff's] pro se actions." (Id. at 9–10).

**B.     Legal Standard**

To determine if the Amended Complaint states a claim for the purpose of initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

**C.     Analysis**

Plaintiff brings this case under 42 U.S.C. § 1983, which authorizes civil claims against state actors for violating federal law. See Smith v. City of Salem, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). As explained below, however, Plaintiff fails to state a claim under Section 1983.

### 1. <u>Heck</u> Doctrine

To the extent that Plaintiff is attempting to use this case to bring civil claims that would invalidate his domestic assault conviction, he fails to state a claim. There is a doctrine in federal court, as stated by the United States Supreme Court in <u>Heck v. Humphrey</u>, providing that a plaintiff cannot pursue civil claims that, if successful, would "necessarily imply the invalidity" of a criminal conviction or sentence, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 587 (1994). This doctrine applies regardless of the relief the plaintiff is seeking, be it monetary damages or equitable relief. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81–82 (2005). There are four ways to invalidate a conviction under <u>Heck</u>: "(1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." <u>Carr v. Louisville-Jefferson Cnty.</u>, 37 F.4th 389, 392 (6th Cir. 2022) (citing <u>Heck</u>, 512 U.S. 486–87).

Here, Plaintiff is attempting to bring civil claims asserting that his domestic assault conviction is based on false evidence. Success in this case, therefore, would necessarily invalidate his conviction. And his conviction has not been set aside within the meaning of <u>Heck</u>, as Plaintiff's direct appeal in his criminal case is pending. Unless and until Plaintiff can demonstrate that his domestic assault conviction has been invalidated through state remedies or a federal writ of habeas corpus, he cannot pursue this civil case in federal court. Accordingly, this case will be dismissed without prejudice for failure to state a claim. See <u>Sampson v. Garrett</u>, 917 F.3d 880, 882 (6th Cir. 2019) (reflecting that <u>Heck</u> dismissals are without prejudice); <u>Avery v. Byrd</u>, No. 3:20-cv-00872, 2020 WL 6712166, at *1 n.1 (M.D. Tenn. Nov. 16, 2020) ("[T]he Sixth Circuit has stated that a Section 1983 action that is noncognizable under <u>Heck</u> 'would necessarily [be] dismissed for failure to state a claim.'" (quoting <u>Harrison v. Michigan</u>, 722 F.3d 768, 773 (6th Cir. 2013))).

### 2. Insufficient Allegations

Even if Plaintiff's claims are not barred by Heck, Plaintiff still fails to state a claim against each Defendant under Section 1983.

As to attorneys Mayberry and Bryant (and their unnamed legal malpractice insurance carriers), Plaintiff's fails to establish state-actor status. "Section 1983, by its own terms, applies only to those who act 'under color' of state law. Therefore, as a general rule, [Section] 1983 does not reach the conduct of private parties acting in their individual capacities." Weser v. Goodson, 965 F.3d 507, 515 (6th Cir. 2020) (citing Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007)). As private attorneys representing clients in domestic relations matters, Mayberry and Bryant were "not state actors subject to suit under [Section] 1983." Davis v. Carter, No. 20-3186, 2020 WL 8575594, at *2 (6th Cir. Sept. 22, 2020) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 155–56 (1978)). As a defense attorney, Mayberry did "not act under color of state law when [] perform[ing] a lawyer's traditional function[] as counsel to the accused in a criminal proceeding." Floyd v. Cnty. of Kent, 454 F. App'x 493, 497 (6th Cir. 2012) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). And a company does not become a state actor for Section 1983 purposes merely by providing legal malpractice insurance. See Phan v. Colorado Legal Servs., 769 F. App'x 520, 526 (10th Cir. 2019) (holding that law firms and insurance company were not state actors (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999))). Although private parties may be considered state actors if they "engaged in a conspiracy or concerted action with other state actors" by "willfully participat[ing] in joint action with state agents," Weser, 965 F.3d at 516 (citation omitted), Plaintiff's allegations of a conspiracy are not supported by sufficient facts to be entitled to a presumption of truth. See Moldowan v. City of Warren, 578 F.3d 351, 395 (6th Cir. 2009) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and

that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987))). Because Plaintiff has not alleged that Mayberry, Bryant, and their legal malpractice insurance carriers acted under color of state law, he fails to state a claim against them under Section 1983.[9]

The Court assumes without deciding that "Clerk [and] Master" Ben Tollett was a state actor. But Plaintiff's only allegation against Tollett is that "his office failed to properly present and file [Plaintiff's] pro se actions." (Doc. No. 6 at 9). This is a "bare allegation[]" presented without the necessary "factual context" to "render [it] plausible and thus entitle [it] to a presumption of truth at this stage in the litigation." See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 374 (6th Cir. 2011) (citing Iqbal, 556 U.S. at 681). And even if Tollett *were* responsible for certain going unfiled, he would be entitled to "quasi-judicial immunity" because the processing or non-processing of a litigant's documents is a "quintessential quasi-judicial function[]." See Jonaitis v. Morrison, No. 1:07-cv-1002, 2008 WL 151252, at *3 (W.D. Mich. Jan. 14, 2008); Harris v. Suter, 3 F. App'x 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, [she] is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction." (citation omitted)). So Plaintiff fails to state a claim against Tollett.

3.     **Unavailable Relief**

The Court notes that, in addition to the problems addressed above, two of Plaintiff's three requests for relief are unavailable in this case. Plaintiff could pursue his request for monetary

---

[9] Claims of ineffective assistance of counsel should be pursued in a habeas corpus case. See Kelly v. Beggs, No. 15-cv-10721, 2017 WL 5759974, at *2 (E.D. Mich. Apr. 13, 2017) (citing Taylor v. Oakland Cnty. Cir. Ct., 831 F.2d 297, 1987 WL 44958 (6th Cir. Oct. 5, 1987)). Legal malpractice claims should be pursued in state court, as that claim arises under state law, see Bright v. Wilson, No. 4:17-cv-82, 2018 WL 3543049, at *2 (E.D. Tenn. July 23, 2018), and this Court does not have jurisdiction because Plaintiff fails to state a federal claim, there is not diversity of citizenship, and the Court declines supplemental jurisdiction over any state law claims. See 28 U.S.C. §§ 1331, 1332, 1367 (c)(3).

damages absent other barriers, but he also requests that Defendants face "federal charges" and that the Court "take their license to practice law." (Doc. No. 6 at 9). "Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another." Martin v. Koljonen, 89 F. App'x 567, 568 (6th Cir. 2004) (collecting cases). And a Section 1983 case is not a vehicle for the Court order state "licensing boards [to] investigate or discipline licensees." See Thares v. Wallinga, 4:21-cv-04107, 2023 WL 3389030, at *11 (D.S.D. May 11, 2023) (collecting cases for this principle as it applies to medical licenses); Johnson v. Schmidt, No. 22-cv-1055, 2022 WL 10075230, at *2 (E.D. Wis. Oct. 17, 2022) ("[T]his court does not have the authority to revoke an attorney's law license; only the [State] Supreme Court has that authority."). So even if this case were viable, Plaintiff could not obtain much of the relief he seeks.

### III. Conclusion

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The Court declines supplemental jurisdiction over any state law claims asserted in this case, including any legal malpractice claim against Plaintiff's former attorney, Ivy Gardner Mayberry. Plaintiff's miscellaneous motions (Doc. Nos. 4–5, 8–9) are **DENIED AS MOOT**.

The Court **CERTIFIES** that an appeal in this matter would not be taken in good faith, so Plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE